IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA KASZUBA,<br>No. R13047,<br><br>        **Plaintiff,**<br><br>  vs.<br><br>S.A. GODINEZ,<br>TIMOTHY VEATH,<br>BRANDON ANTHONEY,<br>MICHAEL ATCHISON,<br>DAVID JOHNSON,<br>REBECCA COWAN,<br>SHERRY BENTON,<br>MINH SCOTT, and<br>RICHARD HARRINGTON,<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 14-cv-00952-JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joshua Kaszuba, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on multiple disciplinary convictions he received while housed in Menard Correctional Center.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

      (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff Kaszuba received four disciplinary tickets in 2012 and was ultimately found guilty and punished on each occasion.  He brings this Section 1983 action alleging that he was denied due process with respect to each ticket, the Adjustment Committee Hearings and investigations, and in the subsequent affirmations of those disciplinary convictions at the institutional and departmental levels.  The following four disciplinary incidents are at issue:

1. An April 30, 2012, incident where Plaintiff allegedly (a) conspired to have a cellphone and marijuana brought into the prison, and (b) had sexual contact with his girlfriend during visitation, for which he was convicted and penalized with one year's demotion to C-grade, one year in segregation, revocation of six months of good conduct credit, commissary restrictions for one year, and restricted contact visits for six months;

2. A May 8, 2012, ticket relative to a letter purportedly from Plaintiff to a gang leader seeking to "fix" Plaintiff's segregation "situation," where the ticket was dated April 26, 2013 (before the Intelligence Unit and reporting officer received the letter); Plaintiff was penalized with demotion to C-grade,

  placement in segregation, commissary restrictions, and restricted contact visits, all for six months;

3. A May 26, 2012, alleged offer by Plaintiff to a correctional officer involving the exchange of a contraband cellphone for sex with Plaintiff's girlfriend, for which Plaintiff was penalized with demotion to C-grade, placement in segregation, and commissary restrictions, all for one year; and

4. A May 29, 2012, incident where Plaintiff allegedly threatened to kill a correctional officer, for which Plaintiff was penalized with three months' demotion to C-grade, segregation, and commissary restrictions, as well as the revocation of three months' good conduct credit.

  Plaintiff alleges that, with respect to each disciplinary ticket, the Adjustment Committee found him guilty based on inadequate evidence and without any meaningful investigation. He asserts that he is factually innocent of each charge, and that procedural errors further invalidate each disciplinary decision. He further alleges that the disciplinary convictions were approved at the institutional level without any investigation or consideration of his claimed errors. Similarly, Plaintiff perceives that the Illinois Department of Corrections' Administrative Review Board effectively "rubber stamped" his appeals. With respect to the May 26th and May 29th disciplinary incidents, Plaintiff also contends the convictions are void, in that the Adjustment Committee's Summary Reports of its findings and verdicts were never signed by the Committee members.

  Plaintiff brings suit against the members of the Adjustment Committee, the Committee's investigator, the wardens who approved the Committee's decisions, the Administrative Review Board chairperson, and the Director of the Department of Corrections. Plaintiff does not specifically request restoration of lost good time credits; rather, he seeks declaratory judgment that he was denied due process at each level of the process, compensatory and punitive damages, and injunctive relief in the form of release from punitive segregation, transfer to Dixon Correctional Center, restoration of full privileges, and his return to A-grade status.

**Discussion**

In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court recognized that some prisoner cases appear to straddle the line between what is actionable under 42 U.S.C. § 1983, and what falls under the purview of habeas corpus under 28 U.S.C. § 2254.

> Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

*Muhammad*, 540 U.S. at 750-751.

*Muhammad* is premised upon two related decisions, *Heck v. Humphrey,* 512 U.S. 477 (1994), and *Edwards v. Balisok,* 520 U.S. 641 (1997). In *Heck*, the Supreme Court held that a Section 1983 claim for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not a cognizable claim until that conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court held that claims that "necessarily imply the invalidity of the deprivation of [an inmate's] good time credits" are not cognizable under Section 1983 unless the prison disciplinary decision has been invalidated, even though the restoration of credits is not sought as a remedy. *Id*. at 646–48.

*Balisok* is particularly instructive in this situation. Like Plaintiff Kaszuba, inmate Balisok elected not to seek the restoration of good conduct credits; rather, Balisok sought only declaratory relief and monetary damages under Section 1983, based on the alleged denial of due process. It was alleged that the hearing officer had concealed exculpatory evidence, and refused to question Balisok's witness (denying Balisok a defense), and also failed to adequately support

the disciplinary decision. Another defendant in *Balisok* allegedly rejected Balisok's appeal based on a page limitation. The Supreme Court drew a distinction between claiming the denial of good conduct credit without due process, and being deprived good conduct credit undeservedly. *See Balisok*, 520 U.S. at 645. The Court recognized that at least nominal damages could be recovered for any procedural due process violation that would *not* throw the validity of the conviction into question. However, in Balisok's situation, the nature of the alleged due process violations—an impartial hearing officer and the denial of a defense—necessarily implied the invalidity of the disciplinary conviction (and by implication any subsequent affirmation of that decision). *See Id.* at 646-47. Pursuant to *Heck*, all of Balisok's Section 1983 claims were dismissed until such time as he upset the disciplinary conviction. It is worth noting that a minority of Justices perceived that Balisok's claims against the initial decisionmaker were precluded under *Heck*, but other alleged procedural defects, such as failing to specify facts and evidence supporting the finding of guilt, were immediately cognizable under Section 1983. *Id.* at 649-50.

Plaintiff Kaszuba's Section 1983 action and the underlying four disciplinary convictions present a mixed bag. In two of the four disciplinary incidents he lost good conduct time, which has the effect of denying him time that would shorten his term of confinement. In any event, Plaintiff does not specifically seek restoration of lost good conduct credits in those instances where he has lost credit. Therefore, his due process claims would appear to fall with the ambit of Section 1983, particularly his "pure" due process claims, such as the failure to sign two of the four Adjustment Committee decisions. However, as was the case in *Edwards v. Balisok,* upon closer review of the complaint and consideration of the implications of a finding that Plaintiff

was denied due process, it is clear that this Section 1983 action must be dismissed until the underlying disciplinary convictions are upset.

Plaintiff Kaszuba contends that an investigation of the alleged April 30, 2012, sexual misconduct incident would have uncovered evidence that the charges were fabricated (Doc. 1, p. 5). Similarly, if the assertion that the May 8, 2012, ticket was false, as evidenced by the supposed "pre-dating" not only did the reporting officer violate internal procedures as alleged, the conviction itself could not stand (*see* Doc. 1, pp. 7-8). Plaintiff also asserts that the May 26, 2012, cellphone exchange proposition is fabricated—something a proper investigation and allowing Plaintiff to call witnesses would have shown (*see* Doc. 1, p. 9). And, the May 29, 2012, charge of threatening an officer, according to Plaintiff, could not be true, as an investigation and opportunity to be heard by the Adjustment Committee would have revealed that Plaintiff was asleep in the mental health crisis unit (*see* Doc. 1, p. 11).

The complaint, *as pleaded*, links what could stand as narrow procedural due process claims actionable under the *Heck* doctrine to allegations that most definitely call into question the disciplinary convictions. The Court cannot parse each claim and redraft the complaint to avoid the *Heck* bar. As in *Edwards v. Balisok*, all claims will be dismissed without prejudice.

In recognition of the *possibility* that Plaintiff may want to amend the complaint to pursue any due process claims that can clear the *Heck* bar, a brief period of time will be allotted for amendment.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all claims against all Defendants are **DISMISSED** without prejudice, in accord with *Heck v. Humphrey,* 512 U.S. 477 (1994), and *Edwards v. Balisok,* 520 U.S. 641 (1997).

**IT IS FURTHER ORDERED** that on or before **October 24, 2014**, Plaintiff shall file an amended complaint. Any amended complaint will undergo a preliminary review pursuant to 28 U.S.C. § 1915A. Failure to file an amended complaint will result in the entry of judgment dismissing this action without prejudice.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: September 24, 2014

*s/ J. Phil Gilbert*
**United States District Judge**