## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA KASZUBA, | ) | |
| No. R13047, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-00952-JPG** |
| | ) | |
| S.A. GODINEZ, | ) | |
| TIMOTHY VEATH, | ) | |
| BRANDON ANTHONEY, | ) | |
| MICHAEL ATCHISON, | ) | |
| DAVID JOHNSON, | ) | |
| REBECCA COWAN, | ) | |
| SHERRY BENTON, | ) | |
| MINH SCOTT, and | ) | |
| RICHARD HARRINGTON, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joshua Kaszuba, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on multiple disciplinary convictions he received while housed in Menard Correctional Center—at least that was the basis of the original complaint.  The original complaint was dismissed without prejudice and Plaintiff was given an opportunity to amend the complaint in order to state a viable civil rights claim while skirting the realm of habeas corpus relief (*see* Doc. 8).

Plaintiff's amended complaint (Doc. 7) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.  Also before the Court is Plaintiff's motion to stay this civil right action until he can get his disciplinary convictions overturned (Doc. 8).

**The Motion to Stay**

Plaintiff's motion to stay this case so that he can overturn his disciplinary convictions (Doc. 8) will be denied.   With respect to those claims that were dismissed because they were premature under *Heck v. Humphrey,* 512 U.S. 477 (1994), and *Edwards v. Balisok,* 520 U.S. 641 (1997), there is no reason to stay this case indefinitely.   The statute of limitations on any civil rights claim does not begin to run until the disciplinary convictions are overturned.   *See Johnson v. Dossey,* 515 F.3d 778, 781–82 (7th Cir.2008) (the Section 1983 claim does not accrue until the conviction is overturned).   The other possible claims that did not implicate *Heck* and *Edwards* can proceed at this time.   Moreover, for the reasons that follow, there is no viable amended complaint, so there is nothing to stay.

**The Amended Complaint**

The amended complaint (Doc. 7) is now before the Court for review pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.   28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.   *Id*. at 557.  At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The amended complaint is deficient on its face and must be dismissed.  Plaintiff apparently assumes his new pleading is read in conjunction with, or incorporating, the original complaint, which is not the case.  *See* ILSD Local Rule  15.1.  An amended complaint must stand alone, asserting all claims a litigant wants to pursue in that self-contained document.  The amended pleading asserts Plaintiff has been denied due process, but offers no details explaining how he has been denied due process, or by whom.  Consequently, the amended complaint does not satisfy the *Twombly* pleading standard.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  The narrative of the complaint does not mention any of the defendants by name, although there is a single assertion that, "Defendants have solely relied on the officer's report without any proof and plaintiff's due process has been violated" (Doc. 7, p. 4).  Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Because it remains possible for Plaintiff to file a pleading that does not conflict with *Heck v. Humphrey,* 512 U.S. 477 (1994), and *Edwards v. Balisok,* 520 U.S. 641 (1997), Plaintiff will be given one <u>final</u> opportunity to amend his pleading.

### <u>Disposition</u>

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's motion to stay this case (Doc. 8) is **DENIED**.

IT IS FURTHER ORDERED that the amended complaint (Doc. 7) is **DISMISSED without prejudice**.

IT IS FURTHER ORDERED that on or before **April 15, 2015**, Plaintiff shall file a second amended complaint.  Any amended pleading will undergo a preliminary review pursuant to 28 U.S.C. § 1915A.  Failure to file a second amended complaint will result in the entry of judgment dismissing this action with prejudice (at lease with respect to those claims that do not implicate *Heck* and *Edwards*).  A "strike" for purposes of 28 U.S.C. § 1915(g) will also be assessed.

Plaintiff is again **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: March 26, 2015

*s/J. Phil Gilbert*
**United States District Judge**
